UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11 8 2019

YITZ GROSSMAN,

                Plaintiff,

       -against-

UNITED STATES OF AMERICA;
FEDERAL BUREAU OF PRISONS;
WARDEN B. VON BLACKENSEE;
CAPTAIN MATT WHINERY; CHRIS
ENTZEL; CHAPLAIN AVROHOM
RICHTER; J.L. MALDONADO; OFFICER
AHAMAD REZAK aka AHMED REZAK,

                Defendants.

19-CV-9191 (NSR)

ORDER TO AMEND

NELSON S. ROMÁN, United States District Judge:

Plaintiff Yitz Grossman brings this *pro se* action, for which the filing fee has been paid, alleging that Defendants violated his federally protected rights. For the reasons set forth below, the Court directs Plaintiff to amend his complaint.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff Yitz Grossman filed this complaint about an incident occurring during his incarceration at F.C.I. Otisville Satellite Camp.[1] Plaintiff asserts claims under the Religious Freedom and Restoration Act and the Federal Tort Claims Act against the United States, the Federal Bureau of Prisons (BOP), Otisville Warden B. Von Blackensee, Captain Matt Whinery, Executive Assistant/Camp Administrator Chris Entzel, Chaplain Avrohom Richter, Associate Warden J.L. Maldonado, and Correction Officer Ahamad Rezak aka Ahmed Rezak.

Plaintiff, is an orthodox Jew, and Chaplain Richter "confirmed" that Plaintiff "is sincere in his religious beliefs." Plaintiff asserts that he is prohibited from "writing and actively using electricity" on the Sabbath and holidays. Additionally, it was Otisville policy to postpone the administration of "non security random" urinalysis and breathalyzer tests "to Observant Jews on Holidays and the Sabbath." On October 6, 2017, a Friday night during Sukkot, Officer Rezak, "under the direction of" Blackensee, Whinery, Entzel, and Maldonado, ordered Plaintiff to undergo a random urinalysis and breathalyzer. Plaintiff objected to being tested during a Sabbath holiday, but Rezak said he "didn't care" and threatened to put Plaintiff in the segregated housing unit (SHU) if he did not comply. Plaintiff alleges that Rezak's conduct violated his free exercise rights, and he seeks money damages.

---

[1] Plaintiff appears to now be on home confinement.

**DISCUSSION**

**A.  Claims Against the BOP**

Sovereign immunity generally bars federal courts from hearing suits against federal agencies, except where that immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980). The plaintiff bears the burden to show that Congress waived sovereign immunity with respect to the claims. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). Here, Plaintiff has not invoked any basis for abrogating the immunity of the named federal agency. The Court dismisses Plaintiff's claims against the BOP because those claims are barred under the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.  Tort Claims**

Plaintiff asserts claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80, which provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). The proper defendant in an FTCA case is "the United States, not individual federal . . . agencies." *Holliday v. Augustine*, No. 14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015).

Before bringing a claim under the FTCA, a plaintiff must first exhaust his administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a); *A.Q.C. ex rel Castillo v. United States*, 715 F. Supp. 2d 452, 457 (2d Cir. 2010) (citing *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 720 (2d Cir. 1998)). A plaintiff may thereafter challenge the agency's final denial in federal district court by filing an action within six months of the date of the mailing of the notice

of final denial by the agency. *See* § 2401(b). If the appropriate federal entity does not make a written final determination within six months of the date of the plaintiff's filing of the administrative claim, the claimant may then bring a FTCA action in a federal district court. *See* § 2675(a). Administrative exhaustion, is "jurisdictional, [and] cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

If the plaintiff fails to first present his claim to the appropriate agency and exhaust administrative remedies, then the plaintiff's tort claims must be dismissed. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *Foster v. Fed. Emergency Mgmt. Agency*, 128 F. Supp. 3d 717, 728 (E.D.N.Y. 2015) ("Failure to comply with [exhaustion] results in dismissal of the suit.").

There is no indication that Plaintiff ever presented the tort claims at issue in this action to any federal agency.

Moreover, the FTCA confers jurisdiction upon the district courts to hear claims for damages against a federal agency "for injury or loss of property . . . resulting from the negligent or wrongful act[s] or omission[s]" of agency employees in their official capacities. 28 U.S.C. § 2679(b)(1); *see Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994). The statute provides the exclusive remedy to hold the United States liable for the wrongful or negligent acts of its employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *See* 28 U.S.C. § 1346(b)(1). Thus, "for liability to arise under the FTCA, a plaintiff's cause of action must be comparable to a cause of action against a private citizen recognized in the jurisdiction where the tort occurred, and [her] allegations, taken as true, must satisfy the necessary elements

of that comparable state cause of action." *Akutowicz v. United States*, 859 F.2d 1122, 1125 (2d Cir. 1999) (internal quotation marks and citations omitted).

Finally, the FTCA does not waive the sovereign immunity of the United States for constitutional torts. *FDIC v. Meyer*, 510 U.S. 471, 477–78 (1994) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right. . . . [And] the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999) ("Congress has not waived the government's sovereign immunity, for example, under the Federal Tort Claims Act. . . from lawsuits based on constitutional claims.").

Plaintiff does not allege any facts suggesting that any defendant has committed an ordinary tort against him. And his claim that Defendants violated his rights under RFRA and the United States Constitution are not cognizable under the FTCA. For these reasons, Plaintiff has not set forth facts giving rise to an FTCA claim.

**C.     Constitutional Claim**

The Court liberally construes Plaintiff's amended complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A plaintiff may bring *Bivens* claims against a federal official to seek redress for a violation of his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [42 U.S.C. § 1983]."). *Bivens* relief is available only against federal officials who are personally liable for the alleged constitutional violations, not against the United States. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017); *Turkmen v. Hasty,* 789 F3d 218, 233 (2d Cir. 2015). Further, "*Bivens* claims do not lie against federal employees in their official capacities, because such suits are considered actions against the United States, and are barred by the doctrine of sovereign immunity." *Wright v. Condit*, No. 13-CV-2849, 2015 WL 708607, at *1 (S.D.N.Y. Feb. 18, 2015) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)).

For these reasons, Plaintiff cannot state a constitutional claim against the United States or against the individual defendants in their official capacities.

Moreover, the Supreme Court has implied a damages remedy against federal employees under *Bivens* in only three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971), (2) employment discrimination under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979), and (3) inadequate medical treatment of an inmate under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). Recently, "the Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity," *Ziglar,* 137 S. Ct. at 1857, and a *Bivens* remedy is not available, "where there are 'special factors counselling hesitation in the absence of affirmative action by Congress,'" *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (quoting *Carlson*, 446 U.S. at 18).

It is not clear whether, under *Ziglar*, the facts alleged in the complaint give rise to a viable *Bivens* claim against Rezak. Additionally, the only allegation against Blackensee, Whinery, Entzel, and Maldonado is that they supervised Rezak, and the only allegation against Chaplain Richter is that he "confirmed" the sincerity of Plaintiff's religious beliefs. Even if the Court assumes that Plaintiff provides sufficient facts to state a *Bivens* claim against Rezak, the complaint is bereft of any such facts as to the other defendants.

**D.      Religious Freedom and Restoration Act**

The Religious Freedom and Restoration Act, 42 U.S.C. §§ 2000bb, *et seq*. (RFRA) prohibits the federal government from "substantially burdening" a person's exercise of religion unless the government can demonstrate that application of the burden (1) furthers a compelling governmental interest; and (2) is the least restrictive means of furthering that interest. *Gonzales v. O'Centro Espirata Benificiente Uniao do Vegetal*, 546 U.S. 418 (2006). Plaintiff asserts that Defendants violated his rights under RFRA, for which he seeks money damages.[2]

As with any potential *Bivens* claim, even if the Court assumes that the facts alleged could state a RFRA claim against Rezak, Plaintiff has failed to set forth sufficient facts to state such a claim against any of the other individual defendants.

---

[2]

The Second and Third Circuits have held that RFRA permits individual capacity suits for money damages against government officers acting color of law. *See Tanvir v. Tanzin*, 894 F.3d 449 (2d Cir. 2018), *en banc rehearing denied*, 915 F.3d 898 (2d Cir. 2019); *Mack v. Warden Loretto FCI*, 839 F.3d 286, 302 (3d Cir. 2016). *But see Davila v. Gladden*, 777 F.3d 1198, 1210 (11th Cir. 2015) (expressing doubt as to the availability of money damages). The Supreme Court has not addressed the issue, and district courts that have addressed the issue are split. *See Hardy v. Bureau of Prisons,* No. 18-CV-794, 2019 WL 3085963, at *4 (D. Minn. June 10, 2019) (listing cases).

**CONCLUSION**

With the exception of Plaintiff's claims against Defendant Rezak — arising under *Bivens* and RFRA — the complaint is dismissed for failure to state a claim on which relief may be granted, and on immunity grounds. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. If Plaintiff fails to file an amended complaint, or if the amended complaint does not address the issues raised in this order, the Court will direct the Clerk of Court to issue a summons and order service solely as to Defendant Rezak with respect to Plaintiff's *Bivens* and RFRA claims. All other claims will be dismissed for the reasons set forth in this order.

Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as a " Amended Complaint," and label the document with docket number No. 19-CV-9191 (NSR~~LAP~~). An Amended Complaint form is attached to this order. No summons will issue at this time.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket.

The Clerk of Court is further directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:    November 8, 2019
            White Plains, New York

NELSON S. ROMÁN
United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

## AMENDED
## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore _not_ contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include _only_: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a *"Bivens"* action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                    Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                          Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:
_____
First Name            Last Name                  Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                    State                Zip Code

Defendant 2:
_____
First Name            Last Name                  Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                    State                Zip Code

Defendant 3:
_____
First Name            Last Name                  Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                    State                Zip Code

Defendant 4:
_____
First Name            Last Name                  Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                    State                Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                             Plaintiff's Signature

_____
First Name          Middle Initial          Last Name

_____
Prison Address

_____
County, City                State                Zip Code


Date on which I am delivering this complaint to prison authorities for mailing: _____