UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YITZ GROSSMAN,

                             Plaintiff,

        -against-

OFFICER AHAMAD REZAK, *a/k/a Ahmed Rezak
in his official and individual capacity*; WARDEN B.
VON BLACKENSEE, *in her individual capacity*;
CAPTAIN MATT WHINERY, *in his individual
capacity*; CHRIS ENTZEL, *Executive
Assistant/Camp Administrator in his individual
capacity*; CHAPLAIN AVROHAM RICHTER, *in
his individual capacity*; and J. L. MALDONADO, *in
his individual capacity*,

                             Defendants.

---

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: __5/2/2022__

No. 19 CIV 9191 (NSR)

**ORDER**

NELSON S. ROMÁN, United States District Judge:

        Plaintiff Yitz Grossman ("Plaintiff") commenced this action *pro se* against Defendants

Officer Ahamad Rezak, Warden B. Von Blackensee, Captain Matt Whinery, Chris Entzel,

Chaplain Avroham Richter, and J. L. Maldonado. (collectively, "Defendants") on October 4, 2019

alleging Defendants violated his right to freely practice his religion while he was incarcerated at

Otisville Correctional Facility.  (ECF No. 2.)  On December 26, 2019, Plaintiff filed an Amended

Complaint.  (ECF No. 5.)  By Order of Service dated February 4, 2020, the Court directed the

Clerk of Court to issue summons for Defendants and further directed Plaintiff to serve summons

and complaint on Defendants within 90 days of the issuance of summonses.  (ECF No. 6.)  On

May 1, 2020, Plaintiff  requested an extension on his deadline to serve the summons and complaint

on Defendants and notified the Court he had been unable to verify the residence of Defendant

Ahamad Razek.  (ECF No. 8.)  On August 24, 2020, this Court granted Plaintiff a 45-day extension

1

on the service of summons and complaint and directed the New York State Attorney General to provide the current address for service upon Defendant Ahamad Rezak pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997).  ("*Valentin* Order," ECF No. 10.)

On March 11, 2022, this Court issued an Order to Show Cause, directing Plaintiff to show cause in writing on or before April 11, 2022 why this action should not be dismissed for want of prosecution pursuant to Fed. R. Civ. P. 41(b).  (ECF No. 12.)  By response dated April 11, 2022, Plaintiff stated that the New York State Attorney General Office ("NYS AG") failed to provide a current address for Defendant Rezak pursuant to the Court's *Valentin* Order.

I.    **New York State Attorney General's Failure To Respond To *Valentin* Order**

In the *Valentin* Order, the NYS AG was directed to provide the current address for service upon Defendant Officer Ahamad Rezak, a/k/a Ahmed Rezak within 45 days of the Order.  NYS AG never responded per the Court's directive.  The Court hereby issues a second Order, directing NYS AG to provide the current address for Defendant Rezak by May 23, 2022.

II.    **Plaintiff's Responsibility To Serve Defendants**

While Plaintiff is proceeding *pro se*, Plaintiff is not proceeding *in forma pauperis* because Plaintiff has paid the filing fee of this action.  As such, Plaintiff is responsible for service of all defendants in this action.  Plaintiff is hereby instructed to serve the summons and amended complaint upon Defendants Warden B. Von Blackensee, Captain Matt Whinery, Chris Entzel, Chaplain Avroham Richter, and J.L. Maldonado by June 1, 2022.

Once NYS AG responds with information regarding Defendant Ahamad Rezak's current address, Plaintiff shall have 30 days from the date of response to serve the summons and amended Complaint upon Defendant Rezak.  The Court amends its prior instruction in the *Valentin* Order and notes that the Court will not instruct the Clerk of Court to complete a USM-285 form with the

proper service address for Defendant Rezak because Plaintiff is not proceeding *in forma pauperis*. It is the Plaintiff's responsibility to serve summons and a copy of the amended complaint upon Defendant Rezak once the proper service address is provided.

### III.   Vacating Order to Show Cause

Lastly, because Plaintiff responded on April 11, 2022, the Court denies the March 11, 2022 Order to Show Cause as moot.  Plaintiff is reminded that it is his responsibility to timely pursue his claims.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at his address listed on ECF.  The Clerk of Court is further directed to mail a copy of this Order to the New York State Attorney General at: 28 Liberty Street, 16th Floor, New York, NY 10005.

Dated:   May 2, 2022                                                SO ORDERED:
            White Plains, New York

                                                                    _____
                                                                    NELSON S. ROMÁN
                                                                    United States District Judge

3