USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/17/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YITZ GROSSMAN,

                         Plaintiff,

        -against-

OFFICER AHAMAD REZAK, *a/k/a Ahmed Rezak*
*in his official and individual capacity*; WARDEN B.
VON BLACKENSEE, *in her individual capacity*;
CAPTAIN MATT WHINERY, *in his individual*
*capacity*; CHRIS ENTZEL, *Executive*
*Assistant/Camp Administrator in his individual*
*capacity*; CHAPLAIN AVROHAM RICHTER, *in*
*his individual capacity*; and J. L. MALDONADO, *in*
*his individual capacity*,

                         Defendants.

No. 19 CIV 9191 (NSR)

**ORDER**

NELSON S. ROMÁN, United States District Judge:

Plaintiff Yitz Grossman ("Plaintiff") commenced this action *pro se* against Defendants

Officer Ahamad Rezak, Warden B. Von Blackensee, Captain Matt Whinery, Chris Entzel,

Chaplain Avroham Richter, and J. L. Maldonado. (collectively, "Defendants") on October 4, 2019

alleging Defendants violated his right to freely practice his religion while he was incarcerated at

Otisville Correctional Facility.  (ECF No. 2.)  On December 26, 2019, Plaintiff filed an Amended

Complaint.  (ECF No. 5.)  By Order of Service dated February 4, 2020, the Court directed the

Clerk of Court to issue summons for Defendants and further directed Plaintiff to serve summons

and complaint on Defendants within 90 days of the issuance of summonses.  (ECF No. 6.)  On

May 1, 2020, Plaintiff requested an extension on his deadline to serve the summons and complaint

on Defendants and notified the Court he had been unable to verify the residence of Defendant

Ahmed Razek.  (ECF No. 8.)   On August 24, 2020, this Court granted Plaintiff a 45-day extension

1

on the service of summons and complaint and directed the New York State Attorney General to provide the current address for service upon Defendant Rezak pursuant to *Valentin v. Dinkins*, 121, F.3d 72 (2d Cir. 1997).  (ECF No. 10.)

On March 11, 2022, this Court issued an Order to Show Cause, directing Plaintiff to show cause in writing on or before April 11, 2022 why this action should not be dismissed for want of prosecution pursuant to Fed. R. Civ. P. 41(b). (ECF No. 12.)  By response dated April 11, 2022, Plaintiff stated that the New York State Attorney General Office ("NYS AG") failed to provide a current address for Defendant Rezak pursuant to the Court's *Valentin* Order.  On May 2, 2022, this Court issued a second *Valentin* Order directing NYS AG to provide the current address for Defendant Rezak. (ECF No. 14.)  In its Second *Valentin* Order, the Court reminded Plaintiff that "it is his responsibility to timely pursue his claims" and thus "it is [his] responsibility to serve summons and a copy of the amended complaint upon Defendant Rezak once the proper service address is provided."

On May 11, 2022, NYS AG informed the Court that the New York State Department of Corrections and Community Supervision ("DOCCS") has never employed anyone with the last name "Rezak." (ECF No. 15.)  Further, the NYS AG observed that allegations in the Amended Complaint "appear to indicate that the alleged incidents took place at the Federal Correctional Institution Otisville run by the Federal Bureau of Prisons, rather than at a DOCCS facility"—and concluded that Defendant Rezak is allegedly employed by the Federal Bureau of Prisons. (*Id.*)  In light of the information from the NYS AG, the Court directed the United States Department of Justice, United States Attorney's Office ("USAO") to provide the current address for service upon Defendant Officer Ahamad Rezak, a/k/a Ahmed Rezak by June 27, 2022.  (ECF No. 16.)

USAO responded by letter dated June 8, 2022, providing the address to the Court and Plaintiff in a separate letter so as to protect Defendant Rezak's privacy. (ECF No. 17.)  By letter dated July 11, 2022, Plaintiff informed the Court he had served all Defendants with the exception of Defendant Rezak. (ECF No. 18.)  Plaintiff had attempted to serve Defendant Rezak through a process server, but the process server was unsuccessful. (*Id.*)  Plaintiff wrote the Court for "guidance" on "how to next proceed" (*id.*), and this Court directed Plaintiff to contact the Court's Pro Se Intake Unit. (ECF No. 19.)  Plaintiff had not communicated with the Court since July 13, 2022 and had not filed Proof of Service for served Defendants.  Moreover, no Defendants had filed an answer or otherwise responded to the Amended Complaint.

Accordingly, on January 27, 2023, this Court ordered *pro se* Plaintiff to "show cause in writing on or before February 28, 2023 why this action should not be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b)." (ECF No. 20.)  Plaintiff was warned that "[f]ailure to comply with this Court's present order will result in dismissal of this case for want of prosecution." (*Id.*)  Plaintiff responded by letter dated February 14, 2023. (ECF No. 21.)  Plaintiff explained that "[a]s a *pro se* litigant," he had "struggled to navigate the service process which has been made more difficult by the challenges in locating Defendant Rezak." (*Id.*)  Plaintiff has worked with the New York Legal Assistance Group Pro Se Clinic to "be better able to pursue [his] case going forward." (*Id.*)  To that end, Plaintiff "promised to hire a private process server to properly serve Defendants Blackensee, Whinery, Entzel, Richter, and Maldonado." (*Id.*)  Plaintiff also committed to (1) "submit a FOIL request to the New York DMV to attempt to locate an up-to-date address for Defendant Rezak" and (2) "investigate hiring a private investigator to assist in locating Defendant Rezak." (*Id.*)  Lastly, Plaintiff requested this Court (1) grant Plaintiff until March 31, 2023 to effect service upon Defendants and (2) "instruct the United States

Attorney's Office to provide [Plaintiff] with any alternative addresses they have on file for Defendant Rezak." (*Id.*)  Accordingly, it is hereby

ORDERED that the Order to Show Cause (ECF No. 20) be vacated.

Further, this Court GRANTS Plaintiff's request to extend the time to effect service of process upon Defendants.  Plaintiff is directed to effect service upon Defendants by March 31, 2023.  Plaintiff is also reminded to file Proof of Service as to each served Defendant.  Fed. R. Civ. Proc. Rule 4(l).  Given that Plaintiff commenced this action on October 4, 2019 and Defendants are yet to be served, failure to timely comply with this Order may result in dismissal of the action.

Because Defendant Rezak is no longer employed by the Federal Bureau of Prisons and the United States Attorney's Office has already provided Defendant Rezak's last known address (ECF No. 17), this Court DENIES without prejudice to refile at a later time Plaintiff's request to "instruct the [USAO] to provide [Plaintiff] with any alternative addresses they have on file for Defendant Rezak." (ECF No. 21.)

The Clerk of Court is kindly directed to mail a copy of this Order to *pro se* Plaintiff at his address listed on ECF and to show service on the docket.

Dated:    February 17, 2023                                          SO ORDERED:
          White Plains, New York

                                          _____
                                          NELSON S. ROMÁN
                                          United States District Judge