USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/18/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YITZ GROSSMAN,

                Plaintiff,

  -against-

OFFICER AHAMAD REZAK; WARDEN B. VON BLACKENSEE; CAPTAIN MATT WHINERY; CHRIS ENTZEL; CHAPLAIN AVROHAM RICHTER; and J. L. MALDONADO,

                Defendants.

No. 19 CIV 9191 (NSR)

**SUPPLEMENTAL ORDER OF SERVICE**

NELSON S. ROMÁN, United States District Judge:

Plaintiff Yitz Grossman ("Plaintiff") commenced this action *pro se* against Defendants Officer Ahamad Rezak, Warden B. Von Blackensee, Captain Matt Whinery, Chris Entzel, Chaplain Avroham Richter, and J. L. Maldonado. (collectively, "Defendants") on October 4, 2019 alleging Defendants violated his right to freely practice his religion while he was incarcerated at Otisville Correctional Facility. (ECF No. 2.) On December 26, 2019, Plaintiff filed an Amended Complaint. (ECF No. 5.) By Order of Service dated February 4, 2020, the Court directed the Clerk of Court to issue summons for Defendants and further directed Plaintiff to serve summons and complaint on Defendants within 90 days of the issuance of summonses. (ECF No. 6.) On May 1, 2020, Plaintiff requested an extension on his deadline to serve the summons and complaint on Defendants and notified the Court he had been unable to verify the residence of Defendant Ahmed Razek. (ECF No. 8.) On August 24, 2020, this Court granted Plaintiff a 45-day extension on the service of summons and complaint and directed the New York State Attorney General to provide the current address for service upon Defendant Rezak pursuant to *Valentin v. Dinkins*, 121, F.3d 72 (2d Cir. 1997). (ECF No. 10.)

1

On March 11, 2022, this Court issued an Order to Show Cause, directing Plaintiff to show cause in writing on or before April 11, 2022 why this action should not be dismissed for want of prosecution pursuant to Fed. R. Civ. P. 41(b). (ECF No. 12.)  By response dated April 11, 2022, Plaintiff stated that the New York State Attorney General Office ("NYS AG") failed to provide a current address for Defendant Rezak pursuant to the Court's *Valentin* Order.  On May 2, 2022, this Court issued a second *Valentin* Order directing NYS AG to provide the current address for Defendant Rezak. (ECF No. 14.)  In its Second *Valentin* Order, the Court reminded Plaintiff that "it is his responsibility to timely pursue his claims" and thus "it is [his] responsibility to serve summons and a copy of the amended complaint upon Defendant Rezak once the proper service address is provided."

On May 11, 2022, NYS AG informed the Court that the New York State Department of Corrections and Community Supervision ("DOCCS") has never employed anyone with the last name "Rezak." (ECF No. 15.)  Further, the NYS AG observed that allegations in the Amended Complaint "appear to indicate that the alleged incidents took place at the Federal Correctional Institution Otisville run by the Federal Bureau of Prisons, rather than at a DOCCS facility"—and concluded that Defendant Rezak is allegedly employed by the Federal Bureau of Prisons. (*Id.*)  In light of the information from the NYS AG, the Court directed the United States Department of Justice, United States Attorney's Office ("USAO") to provide the current address for service upon Defendant Officer Ahamad Rezak, a/k/a Ahmed Rezak by June 27, 2022. (ECF No. 16.)

USAO responded by letter dated June 8, 2022, providing the address to the Court and Plaintiff in a separate letter so as to protect Defendant Rezak's privacy. (ECF No. 17.)  By letter dated July 11, 2022, Plaintiff informed the Court he had served all Defendants with the exception of Defendant Rezak. (ECF No. 18.)  Plaintiff had attempted to serve Defendant Rezak through a

process server, but the process server was unsuccessful. (*Id.*) Plaintiff wrote the Court for "guidance" on "how to next proceed" (*id.*), and this Court directed Plaintiff to contact the Court's Pro Se Intake Unit. (ECF No. 19.) Plaintiff had not communicated with the Court since July 13, 2022 and had not filed Proof of Service for served Defendants. Moreover, no Defendants had filed an answer or otherwise responded to the Amended Complaint.

Accordingly, on January 27, 2023, this Court ordered *pro se* Plaintiff to "show cause in writing on or before February 28, 2023 why this action should not be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b)." (ECF No. 20.) Plaintiff was warned that "[f]ailure to comply with this Court's present order will result in dismissal of this case for want of prosecution." (*Id.*) Plaintiff responded by letter dated February 14, 2023. (ECF No. 21.) Plaintiff explained that "[a]s a *pro se* litigant," he had "struggled to navigate the service process which has been made more difficult by the challenges in locating Defendant Rezak." (*Id.*) Plaintiff has worked with the New York Legal Assistance Group Pro Se Clinic to "be better able to pursue [his] case going forward." (*Id.*) To that end, Plaintiff "promised to hire a private process server to properly serve Defendants Blackensee, Whinery, Entzel, Richter, and Maldonado." (*Id.*) Plaintiff also committed to (1) "submit a FOIL request to the New York DMV to attempt to locate an up-to-date address for Defendant Rezak" and (2) "investigate hiring a private investigator to assist in locating Defendant Rezak." (*Id.*) Lastly, Plaintiff requested this Court (1) grant Plaintiff until March 31, 2023 to effect service upon Defendants and (2) "instruct the United States Attorney's Office to provide [Plaintiff] with any alternative addresses they have on file for Defendant Rezak." (*Id.*)

On February 17, 2023, this Court granted Plaintiff's request to extend the time to effect service of process upon Defendants. (ECF No. 22.) The Court directed Plaintiff to effect service

upon Defendants by March 31, 2023.  (*Id.*)  On March 14, 2023, Plaintiff requested this Court (1) direct the Clerk of Court to issue summonses for all Defendants and (2) "issue a second *Valentin* order instructing the United States Attorney's Office to provide [Plaintiff] with the current addresses of Defendants Warden B. Von Blackensee, Captain Matt Whinery, Chris Entzel, Chaplain Avroham Richter, and J.L. Maldonado."  (ECF No. 23.)  Accordingly, the Court ordered the USAO to provide the current addresses for service upon Defendants Warden B. Von Blackensee, Captain Matt Whinery, Chris Entzel, Chaplain Avroham Richter, and J.L. Maldonado by May 8, 2023.  (ECF No. 24.)  USAO responded on May 8, 2023, noting that Defendants Whinery, Entzel, Richter, and Maldonado have authorized Federal Bureau of Prisons ("BOP") counsel to accept service on their behalf.  (ECF No. 25.)  To that end, USAO provided a service address for BOP counsel.  (*Id.*)  USAO also provided addresses for Defendants Von Blackensee and Rezak in letters dated May 8, 2023 and June 8, 2022, respectively.  These letters were transmitted by USAO to the Plaintiff by email.

The Clerk of Court is respectfully directed to issue summonses for Defendants Warden B. Von Blackensee, Captain Matt Whinery, Chris Entzel, Chaplain Avroham Richter, J.L. Maldonado, and Correctional Officer Ahamad Rezak a/k/a Ahmed Rezak.

Plaintiff is directed to serve the summonses and copies of the Amended Complaint on Defendants within 90 days of the issuance of the summonses.  If within those 90 days Plaintiff has neither served Defendants nor requested an extension of time to do so, the Court may dismiss the action under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.  It is Plaintiff's responsibility to request, if necessary, an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012).  Moreover, it is Plaintiff's responsibility to file proof of service of the summonses and complaint.

## CONCLUSION

The Clerk of Court is respectfully directed to issue summonses for Defendants Warden B. Von Blackensee, Captain Matt Whinery, Chris Entzel, Chaplain Avroham Richter, J.L. Maldonado, and Correctional Officer Ahamad Rezak a/k/a Ahmed Rezak.

The Clerk of Court is further directed to mail a copy of this Order to *pro se* Plaintiff at his address listed on ECF and to show service on the docket.

Dated: May 18, 2023  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge