USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/21/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YITZ GROSSMAN,

                          Plaintiff,

  -against-

AHMED REZAK, et al.

                         Defendants.

No. 19 Civ. 9191 (NSR)

**ORDER**

NELSON S. ROMÁN, United States District Judge:

On June 14, 2024, Plaintiff's counsel, Steven A. Feldman ("Mr. Feldman"), submitted via facsimile a motion seeking under Local Rule 1.4 to withdraw as attorney of record for Plaintiff (the "Motion"). Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, governing the withdrawal of counsel, provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

In determining the motion, the Court considers both "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Thekkek v. LaserSculpt, Inc.*, No. 11–CV–4426 (HB) (JLC), 2012 WL 225924, at *2 (S.D.N.Y. Jan. 23, 2012) (quoting *Karimian v. Time Equities, Inc.*, No. 10–CV–3773 (AKH)(JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011)) (internal quotation marks omitted); *see also Ashmore v. CGI Grp., Inc.*, No. 11–CV–8611 (AT), 2013 WL 5863569, at *1 (S.D.N.Y. Oct. 30, 2013) *reconsideration granted, judgment vacated in part*, 2014 WL 1414314 (S.D.N.Y. Apr. 7, 2014) (citation omitted).

1

"It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *United States v. Lawrence Aviation Indus.,* No. 06–CV–4818 (JFB)(ARL), 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011) (internal quotation marks and alterations omitted). Satisfactory reasons for withdrawal include "a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client." *Naguib v. Pub. Health Solutions,* No. 12–CV–2561 (ENV)(LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (withdrawal motion granted where client refused to communicate and cooperate with counsel, including failing to appear for her deposition against counsel's advice); *see also Liang v. Lucky Plaza Rest.,* No. 12–CV–5077 (PAC)(GWG), 2013 WL 3757036, at *2 (S.D.N.Y. July 17, 2013) (counsel allowed to withdraw where client refused to cooperate in prosecution of his case); *Munoz v. City of New York,* No. 04–CV–1105 (JGK), 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (plaintiff's law firm demonstrated satisfactory reasons to withdraw "based on the lack of communication with the plaintiff and the acrimonious relationship that ha[d] developed between the law firm and the plaintiff"); *Fischer v. Biman Bangladesh Airlines,* No. 96–CV–3120 (SHS)(AJP), 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997) ("[L]ack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal.").

Here, Mr. Feldman has notified the Court that he has reached an impasse in communication with Plaintiff since at least June 2024. (*See* June 14, 2024 Letter.) Mr. Feldman has unsuccessfully attempted to contact Plaintiff multiple times through personal communication methods. (*Id*. at 1.) The Court thereby concludes that Plaintiff's active refusal to communicate with counsel seriously impairs counsel's ability to represent him in this case.

Accordingly, the Court GRANTS Plaintiff's counsel's motion to withdraw. The Court further DIRECTS Mr. Feldman to mail a copy of this Order to Plaintiff at his last known address

and file proof of such service on ECF. Additionally, the Court DIRECTS Plaintiff to retain new counsel or file a Notice of Pro Se Appearance on or before November 20, 2024. If the Plaintiff does not retain counsel by November 20, 2024, the Court will assume Plaintiff wishes to proceed *pro se*. Plaintiff is also granted until December 20, 2024 to file an opposition brief to Defendants' respective motions to dismiss. (*See* ECF Nos. 63 and 67.)

Dated: October 21, 2024
      White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

# LAW OFFICE OF STEVEN A. FELDMAN & ASSOCIATES, PLLC
763 DOGWOOD AVENUE
WEST HEMPSTEAD, NY 11552
TEL: 516-535-9756 FAX: 516-213-0245
STEVEN@SAFESQ.NET

Friday, June 14, 2024

**Via facsimile to (914) 390-4179**
Honorable Nelson S. Roman
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

    Re:    ***Grossman v. Warden Blackensee, et al.***
           **Docket No. 19-cv-9191 (NSR)**
           **Motion to Withdraw as Counsel and Related Relief**

Honorable Judge Roman:

    I write to request leave to convene a pre-motion conference, or alternatively, for leave to proceed with the filing of a motion to withdraw as Plaintiff's counsel in the above-referenced case, pursuant to Your Honor's Individual Practices in Civil Cases.

    Despite our firm's commitment to empathy and understanding, we have reached an impasse with our client, Mr. Grossman, due to various reasons, however, most notably due to his health-related communication challenges, and hospitalization. Significantly, this hospitalization has made it extremely difficult for us to communicate with Mr. Grossman and obtain information. Despite our repeated attempts to engage with Mr. Grossman through various personal communication methods we have been and remain to be, unsuccessful, leading to a severe hindrance in our ability to effectively represent him.

    This breakdown in communication is critical for the prosecution of the action and has compelled us to consider withdrawal to preserve Mr. Grossman's rights and adhere to our ethical obligations.[1] To wit we intended to send this letter with consent of Mr. Grossman, but could not gain any response whatsoever, while the letter application was to be sent last week, before the Jewish Holiday which began on the evening of June 11, 2023, However I was unable to, due to conflicting appearances in Nassau county supreme, and apologize for the delay.

    In accordance with Local Civil Rule 1.4, we seek the Court's permission to proceed with the filing of an application permitting us to withdraw, as it is respectfully submitted that we have good cause to seek withdrawal and further proceed to do so, by ensuring that it can be accomplished without material adverse effect on the interests of the client, as per NY Rules of Prof. Cond. Rule 1.16(c)(1) and 1.16(c)(10).

---

[1] Our office also has other reasons for asking for the relief requested and we kindly ask for an order to file the declaration that supports them under seal to avoid harming the Plaintiff's interests.

**HONORABLE NELSON S. ROMAN**  PAGE 2 OF 2
UNITED STATES DISTRICT JUDGE
*Grossman v. Warden Blackensee, et al.*

    We therefore respectfully request that the Court allow us to file our motion to withdraw, and further seek an order permitting us to file the supporting declaration to said motion, under seal for in camera review and consideration, so as to protect the sanctity of the attorney-client relationship and prevent any potential undue prejudice to Mr. Grossman or the integrity of the ongoing litigation.

    Thank you in advance for your consideration of this request.

Respectfully submitted,

Steven A. Feldman, Esq.

cc.

Yitz Grossman, Plaintiff

Mark Osmond, Esq. (via email to mark.osmond@usdoj.gov)
Assistant United States Attorney
Southern District of New York
Attorneys for Supervisory Defendants
86 Chambers Street, 3rd Floor
New York, NY 10007
(212) 637-2713

Christopher Keeven, Esq.(via email to ckeeven@shawbransford.com)
Shaw, Bransford & Roth, P.C.
Attorneys for Officer Razek
1101 Connecticut Avenue, NW, Suite 1000
Washington D.C. 20036
(202) 463-8400