UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
YITZ GROSSMAN,

                Plaintiff,

        -against-

WARDEN B. VON BLACKENSEE, in her
individual Capacity, CAPTAIN MATT
WHINERY, in his individual Capacity,
ASSISTANT/CAMP ADMINISTRATOR
CHRIS ENTZEL, in his individual capacity,
CHAPLAIN AVROHAM RICHTER, in his
individual capacity, J.L. MALDONADO,
in his individual capacity, and OFFICER
AHAMAD REZAK, a/k/a AHMED REZAK,
in his individual capacity,

                Defendants.

--------------------------------------------------------X

**ORDER**

19 Civ. 9191 (NSR)(JCM)

     Presently before the Court is Defendant Ahmed Rezak's letter motion to compel Plaintiff

Yitz Grossman to respond to outstanding discovery requests, to provide his Federal Rule of Civil

Procedure 26(a) Initial Disclosures, to deem all of Defendant Rezak's Requests for Admission

admitted, and to stay or extend all discovery deadlines in this action. (Docket No. 83)

("Motion").  Plaintiff's opposition was due on May 22, 2026.  To date, Plaintiff has failed to file

any opposition.  For the reasons set forth below, Defendant Rezak's Motion is granted in its

entirety.

**I. BACKGROUND**

     The Court assumes familiarity with the history of this case, and recites only the facts

necessary to this Order. On October 4, 2019, Plaintiff filed a Complaint against Defendants

Warden B. Von Blackensee, Captain Matt Whinery, Executive Assistant/Camp Administrator

Chris Entzel, Chaplain Avrohom Richter, Associate Warden J.L. Maldonado, Officer Ahmed

Rezak, and the United States, seeking relief for an incident that occurred while he was

1

incarcerated at F.C.I. Otisville Satellite Camp on October 6, 2017. (Docket No. 2).  On

November 8, 2019, the Honorable Nelson S. Román granted Plaintiff leave to file an Amended

Complaint, (Docket No. 4), which Plaintiff did on December 26, 2019, (Docket No. 5).  Plaintiff

filed a Second Amended Complaint ("SAC") on February 26, 2024, asserting, *inter alia*, a

Religious Freedom Restoration Act ("RFRA") claim against Defendant Rezak. (Docket No. 55 at

36).[1]  Defendants moved to dismiss Plaintiff's SAC on June 13, 2024. (Docket Nos. 63 & 67).

On February 19, 2025, Judge Román dismissed all of Plaintiff's claims except for Plaintiff's

RFRA claim against Defendant Rezak. (Docket No. 71).  On April 11, 2025, Defendant Rezak

filed an Answer to Plaintiff's SAC. (Docket No. 73).

On January 20, 2026, Judge Román referred this case to the undersigned for general

pretrial purposes. (Docket No. 79).  Thereafter, the undersigned scheduled two telephone

conferences, one on March 30, 2026, (Docket No. 80), and one on April 17, 2026, (Docket No.

81).  Plaintiff did not appear at either conference, and was directed to explain his failure to do so

each time. (Docket Nos. 81, 82).  The undersigned also informed Plaintiff that failure to appear

at conferences, or to comply with Court orders, "may result in sanctions, including dismissal of

this case for failure to prosecute." (Docket No. 82).  To date, Plaintiff has not complied with the

Court's orders.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 26 ("Rule 26") allows parties to "obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense

and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).  However, a court "must

limit the frequency or extent of discovery otherwise allowed" if "the discovery sought is

---

[1] All page number citations herein refer to the page numbers assigned upon ECF filing, unless otherwise noted.

unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *Lynch v. City of New York*, No. 16-CV-7355 (LAP), 2021 WL 5140728, at *2 (S.D.N.Y. Nov. 4, 2021)[2] (quoting Fed. R. Civ. P. 26(b)(2)(C)); *see also* Fed. R. Civ. P. 26(b)(1).  Relevance is determined "in light of the claims and defenses asserted by the parties," *In re Bairnco Corp. Sec. Litig.*, 148 F.R.D. 91, 96 (S.D.N.Y. 1993), and the court has "broad discretion in determining relevance for discovery purposes," *Michael Kors, L.L.C. v. Su Yan Ye*, 18-CV-2684 (KHP), 2019 WL 1517552, at *2 (S.D.N.Y. Apr. 8, 2019).

Pursuant to Rule 37, "[a] party seeking discovery may move for an order compelling an answer [or] production . . . if . . . a party fails to answer an interrogatory submitted under Rule 33; or . . . a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(1). When a motion to compel is unopposed, the lack of opposition "may be fairly construed as a lack of opposition to the requested relief or as a waiver of the party's right to be heard in connection with the motion." *Liz v. A Perfect Dealer, Inc.*, 1:23-cv-10670 (JLR)(SDA), 2024 WL 4250364, at *2 (S.D.N.Y. Sept. 20, 2024) (quoting *Freudenvoll v. Target Corp.*, No. 13-CV-06197L (MWP), 2013 WL 6243706, at *1 (W.D.N.Y. Dec. 3, 2013)).  Indeed, motions to compel are left to the sound discretion of the court. *Id.* at *2.

## III.  DISCUSSION

The Court, in its discretion, grants Defendant Rezak's Motion on several grounds.  First, the Court grants the Motion as unopposed. *See Panuccio v. Weichert Workforce Mobility, Inc.*,

---

[2] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendants' counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel must provide the *pro se* litigant with copies of such unpublished cases and other authorities as are cited in a decision of the court and were not previously cited by any party.").

23-cv-1366 (VR), 2024 WL 5047685, at *2 (S.D.N.Y. Dec. 9, 2024) (granting a motion to compel as unopposed despite "afford[ing] Plaintiff the sort of special solicitude that *pro se* litigants are often afforded."); *see also Smith v. Giuliani*, 24-mc-0351 (ER), 2025 WL 1924213, at *2 (S.D.N.Y. July 14, 2025) (granting a motion to compel as unopposed).

Second, the Court has reviewed Defendant Rezak's First Interrogatories and First Requests for Production of Documents, and finds that the requests are relevant and proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1); *see also Panuccio*, 2024 WL 5047685, at *2 (finding the information sought as relevant, and ordering plaintiff to provide initial disclosures in accordance with Rule 26(a)(1), and to respond to defendants' interrogatories and document demands).  Here, Defendant Rezak's requests seek, *inter alia*, communications with, and documents regarding, individuals referenced in Plaintiff's SAC that may have information relevant to the incident in question, information regarding Plaintiff's damages calculations, and Plaintiff's medical records relating to his request for damages. (*See* Docket Nos. 85-1, 85-2). Such information squarely relates to Plaintiff's claims regarding the incident in question, and the emotional and physical injuries Plaintiff allegedly sustained as a result of Defendant Rezak's actions.  As a result, Plaintiff is directed to respond to Defendant Rezak's First Interrogatories and First Requests for Production of Documents.

Rule 26(a) also discusses the parties' obligation to provide initial disclosures, and states that a party must, without awaiting a discovery request, provide the other party with, *inter alia*, "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i).  Plaintiff never served his initial disclosures despite Defendant Rezak's repeated requests for him to do so. (Docket 85

at 2-5).  Accordingly, Plaintiff is further directed to provide his initial disclosures to Defendant Rezak as required by Rule 26(a). *See Panuccio*, 2024 WL 5047685, at *2 (ordering a *pro se* Plaintiff to "produce disclosures in accordance with Rule 26(a)(1)[.]").

Third, because Plaintiff failed to respond or object to Defendant Rezak's Requests for Admission within thirty days of being served as required under Rule 36(a)(3), the truth of the matters asserted in Defendant Rezak's Requests for Admission are deemed admitted. *See Mirra v. Jordan*, 13-cv-5519 (AT)(KNF), 2016 WL 10749151, at *2 (S.D.N.Y. Feb. 22, 2016) (holding plaintiff's requests for admission were deemed admitted because "defendant failed to serve the plaintiff with written answers or objections to the plaintiff's first set of requests for admissions within 30 days after being served . . . [and because defendant] did not seek an extension of time to respond.") (citing Fed. R. Civ. P. 36(a)(3)).

## IV.  CONCLUSION

For the foregoing reasons, Defendant Rezak's Motion is granted in its entirety.  By July 13, 2026, Plaintiff shall (1) provide his Rule 26(a) Initial Disclosures, and (2) respond to Defendant Rezak's First Interrogatories and First Requests for Production of Documents.  The Court further deems admitted all of Defendant Rezak's Requests for Admission.  Finally, all discovery deadlines set forth in the Second Proposed Civil Case Discovery Plan and Scheduling Order are extended 90 days.

If Plaintiff fails to timely comply with this Order, Defendant Rezak shall file a letter by July 20, 2026, advising the Court of Plaintiff's noncompliance.  Plaintiff is warned that failure to fully comply with this Order may result in sanctions being imposed, including dismissal of the case for failure to prosecute. *See* Fed. R. Civ. P. 37(b)(2)(A).

The Clerk of Court is respectfully directed to terminate the pending motion (Docket No.

83), and mail a copy of this Order to the *pro se* Plaintiff.

Dated: June 11, 2026
      White Plains, New York

                        **SO ORDERED:**

_____

JUDITH C. McCARTHY
United States Magistrate Judge