USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: 10/21/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YITZ GROSSMAN,

Plaintiff,

-against-

UNITED STATES OF AMERICA, et al.,

Defendants.

No. 19-CV-09191 (NSR) (JCM)

**ORDER**

NELSON S. ROMÁN, United States District Judge:

Plaintiff Yitz Grossman ("Plaintiff"), having commenced this action in October 2019, having failed to prosecute this action diligently, having failed to timely respond to or comply with the Court's discovery order, and having failed to timely respond to or comply with the Court's show cause order, is hereby Ordered to provide the required discovery responses by November 26, 2026, or be precluded from introducing any and all evidence responsive to the Interrogatories or responsive to the discovery demands at trial.

## PROCEDURAL BACKGROUND

On or about October 4, 2019, Plaintiff, currently incarcerated by the Federal Bureau of Prisons ("BOP"), commenced this action against the United States of America, the BOP, and several of its employees, asserting claims under, among other authorities, 42 U.S.C. § 1983 ("Section 1983") and the Religious Freedom Restoration Act ("RFRA") concerning alleged unlawful conditions of confinement. (ECF No. 1.) By Opinion and Order dated November 8, 2019, the Court dismissed all but one of Plaintiff's claims without prejudice. (ECF No. 4.)

On December 26, 2019, Plaintiff filed an Amended Complaint. (ECF No. 5.) By Order of Service dated February 4, 2020, the Court directed the Clerk of Court to issue summonses and further directed Plaintiff to serve the summonses and Amended Complaint on all named

Defendants within 90 days of the issuance of the summonses. (ECF No. 6.) On May 1, 2020, Plaintiff requested an extension of time to serve the summonses and Amended Complaint on Defendants and notified the Court that he had been unable to verify the residence of Defendant Ahamad Razek. (ECF No. 8.) On August 24, 2020, this Court granted Plaintiff a 45-day extension to effect service of the summonses and Amended Complaint and directed the New York State Attorney General to provide the current address for service of process upon Defendant Razek pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997). (ECF No. 10.) Thereafter, despite the passage of over a year and a half, Plaintiff failed to communicate with the Court.

On March 11, 2022, the Court issued an Order to Show Cause ("OSC") directing Plaintiff to show cause in writing on or before April 11, 2022, why the action should not be dismissed, without prejudice, for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)"). (ECF Nos. 11, 12.) On April 12, 2022, Plaintiff responded to the OSC, indicating that he was awaiting and had yet to receive a response from the New York State Attorney General's Office following the Court's issuance of the *Valentin* Order. (ECF No. 13.) On May 2, 2022, the Court issued a second *Valentin* Order, directing the New York State Attorney General to provide the current address of Defendant Razek within 45 days. (ECF No. 14.) The Court further directed Plaintiff to effectuate service of process upon Defendant Razek within 30 days of receiving Defendant Razek's address and reminded Plaintiff that it was his responsibility to timely pursue his claims. (*Id.*)

In response to the Court's second *Valentin* Order, the New York State Attorney General informed the Court that the New York State Department of Corrections and Community Supervision ("DOCCS") has never employed and currently does not employ anyone with the last name "Rezak" and that Plaintiff's allegations suggest that the incidents giving rise to Plaintiff's

claim took place at the Federal Correctional Institution at Otisville operated by the BOP, rather than at a DOCCS facility. (ECF No. 15.)

By Order dated May 12, 2022, the Court issued a third *Valentin* Order, directing the United States Department of Justice, through the United States Attorney's Office ("USAO"), to provide the current address of Defendant Rezak (an employee of the BOP) for the purpose of effectuating service of process by June 27, 2022. (ECF No. 16.) By letter dated June 8, 2022, the USAO responded and provided Plaintiff with an address for Defendant Rezak. (ECF No. 17.) By letter dated July 11, 2022, Plaintiff informed the Court that he was unable to effectuate service upon Defendant Rezak because Defendant Rezak had moved from his last known address. In response, the Court directed Plaintiff to communicate with the Court's *Pro Se* Intake Unit for guidance and information regarding possible next steps. (ECF No. 19.)

On January 27, 2023, after approximately six months of inactivity, the Court issued a second OSC, directing Plaintiff to show cause in writing on or before February 28, 2023, why the action should not be dismissed, without prejudice, for want of prosecution pursuant to Rule 41(b). (ECF No. 20.) The Court noted that none of the named Defendants had yet been served. (*Id.*) By letter dated February 14, 2023, Plaintiff requested an extension to serve all of the Defendants (ECF No. 21), which the Court granted. (ECF No. 22.) By Order dated March 24, 2023, the Court directed the USAO to provide Plaintiff with any alternative addresses it may have on file for Defendant Rezak. In June 2023, Plaintiff filed five separate affidavits of service. (ECF Nos. 28–32.)

On February 26, 2024, Plaintiff filed a Second Amended Complaint ("SAC"). (ECF No. 55.) In June 2024, the Defendants moved to dismiss Plaintiff's SAC. (ECF Nos. 63, 67.) By Opinion and Order dated February 19, 2025, the Court granted in part and denied in part the

Defendants' motion to dismiss. (ECF No. 71.) Notably, Plaintiff was granted leave to file an amended pleading regarding all claims dismissed without prejudice. (*Id.*) By Order dated April 14, 2025, the Court dismissed with prejudice all claims previously dismissed without prejudice due to Plaintiff's failure to timely file an amended pleading. (ECF No. 75.) Accordingly, the only surviving claims were those asserted against Defendant Rezak. On April 11, 2025, Defendant Rezak filed an answer to Plaintiff's SAC. (ECF No. 73.)

On January 20, 2026, the action was referred to Magistrate Judge Judith C. McCarthy ("MJ McCarthy") for all pre-trial matters. (ECF No. 79.) On January 21, 2026, MJ McCarthy issued an order directing the parties to appear for a teleconference on March 30, 2026. (ECF No. 80.) On March 30, 2026, Plaintiff failed to appear at the scheduled conference and failed to communicate with MJ McCarthy. (ECF No. 81.) As a result, MJ McCarthy rescheduled the conference to April 17, 2026. (*Id.*) On April 17, 2026, MJ McCarthy once again held a conference at which Plaintiff did not appear. (ECF No. 82.) Additionally, Plaintiff failed to communicate with MJ McCarthy. (*Id.*)

On May 1, 2026, Defendant Rezak filed a motion seeking to compel Plaintiff to provide initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) ("Rule 26(a)"). (ECF No. 83.) By Opinion and Order dated June 11, 2026, MJ McCarthy granted Defendant's motion in its entirety. (ECF No. 87.) In particular, MJ McCarthy directed Plaintiff to provide his Rule 26(a) initial disclosures and to respond to Defendant Rezak's First Interrogatories and First Requests for Production of Documents no later than July 13, 2026. (*Id.*) Notably, MJ McCarthy informed Plaintiff that his failure to timely comply with the Court's Order may result in sanctions, including dismissal of the case for failure to prosecute. (*Id.*; *see also* Fed. R. Civ. P. 37(b)(2)(A).) By letter dated July 17, 2026, Defendant Rezak informed the Court that Plaintiff failed to comply with the

Court's June 11, 2026 Order, which directed him to produce initial disclosures and to respond to interrogatories. (ECF No. 88.)

On July 27, 2026, the Court issued an OSC directing Plaintiff to provide his Rule 26(a) initial disclosures and to respond to Defendant's First Interrogatories and First Requests for Production of Documents on or before September 14, 2026, or to otherwise show good cause in writing on or before September 28, 2026, why he was unable to comply and why this action should not be dismissed due to his failure to comply with the Court's discovery order. (ECF No. 89.) By letter dated October 9, 2026, Defendant Rezak informed the Court that Plaintiff failed to comply with the Court's July 27, 2026 OSC.

## LEGAL STANDARD

### I. Failure to Make Disclosure

Generally, under Rule 26(a), a party must, unless otherwise directed by the court, without awaiting a discovery request, provide to the other parties the name and, if known, the address and telephone number of each individual likely to have discoverable information (along with the subjects of that information), a description by category and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment, a computation of each category of damages claimed by the disclosing party, who must also make available for inspection and copying as under Federal Rule of Civil Procedure 34 the documents or other evidentiary material (unless privileged or protected from disclosure), on which each computation is based. Fed. R. Civ. P. 26(a)(1)(A). The scope of discovery authorized by Rule 26(a) includes "any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of

any discoverable matter." *In re Sept. 11th Liab. Ins. Coverage Cases*, 243 F.R.D. 114, 124 (S.D.N.Y. 2007).

Federal Rule of Civil Procedure 37(a)(3)(A) ("Rule 37") provides in relevant part that if a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. District courts have wide discretion to impose discovery sanctions, including severe sanctions, and its ruling will be reversed only if it constitutes an abuse of discretion. *See* Fed. R. Civ. P. 37(a)(3)(A); *Design Strategy, Inc. v. Davis,* 469 F.3d 284, 294 (2d Cir. 2006). The party seeking sanctions bears the burden of demonstrating the opposing party's failure to timely disclose the requisite information or to produce information directed by the Court. *See Lodge v. United Homes, LLC*, 787 F. Supp. 2d 247, 258 (E.D.N.Y. 2011). Extreme sanctions are typically discouraged. *See Ocello v. White Marine, Inc*., 347 Fed.Appx. 639, 641 (2d Cir. 2009) (internal citation omitted). Courts "should endeavor to impose a sanction that will restore the parties to the position they would have occupied but for the breach of discovery obligations and deter future misconduct." *In re September 11th Liab. Ins. Coverage Cases*, 243 F.R.D. at 131–32.

**DISCUSSION**

A review of the docket demonstrates that Plaintiff has repeatedly failed to diligently prosecute his claims. Most recently, Plaintiff has failed to provide his initial disclosures as required by Rule 26(a), has failed to comply with the Court's Order directing him to respond to Defendant Rezak's First Interrogatories and First Requests for Production of Documents, and has failed to comply with the Court's subsequent Order requiring a show of good cause for such failure. In accordance with the foregoing, Plaintiff shall be precluded from introducing any and all evidence responsive to the Interrogatories or responsive to the discovery demands at trial, unless he provides the required discovery responses by November 26, 2026.

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Plaintiff

and note service on the docket. Similarly, Defendant Rezak is directed to serve a copy of this Order upon Plaintiff via certified mail within five days of this Order and promptly file proof of service on the docket.

Dated: October 21, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge, S.D.N.Y.